UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIETA ALEJANDRA GOMEZ OLVERA | § § | |
| Plaintiff | § § | CIVIL ACTION NO.: 4:15-cv-1878 |
| *Versus* | § § | |
| JUAN MAURICIO NELLIGAN | § § | **TRIAL BY JURY DEMANDED** |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1.      Comes now Plaintiff Julieta Alejandra Gomez Olvera ("Plaintiff") complaining of Juan Mauricio Nelligan ("Defendant") and would show the following:

### PARTIES

2.      Plaintiff is a resident of Mexico.

3.      Defendant is a resident of Texas and may be served at (a) 263 N. Maple Glade Circle, The Woodlands, Texas 77382-1432, or (b) 50 Silkbay Place, Spring, Texas 77382-1605, (c) 93 N. Apple Springs Cir., Spring, Texas 77382-5745, or (d) wherever else he may be found.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (a) a citizen of a foreign state (Mexico) that is not a permanent resident or domicile of Texas or the United States and (b) a citizen of the state of Texas.

5.      This Court has venue over this case pursuant to 28 U.S.C. § 1391(b)(1)   because the Defendant resides in this district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## **FACTS**

6.      This is a suit involving the theft of approximately $243,960.04 in death insurance funds and other funds from a widow and her two children by a con-artist and swindler over international banking wires.

7.      Plaintiff and Defendant dated for six months in approximately 1987 in Mexico, having met at the Metropolitan Autonomous University in Mexico City, Mexico.  The brief romantic relationship ended, and Plaintiff and Defendant went in separate directions and followed different paths in life for more than 20 years.

8.      On November 13, 2013, Plaintiff's husband of 14 years died of cancer, leaving her widowed in Mexico with two children aged 6 and 9 years.  Following his death, Plaintiff received approximately $230,000 in death insurance benefits and other funds from the bank account and business of her late husband.

9.      On or around July 2014, Plaintiff and Defendant reconnected again over the internet.  Plaintiff learned that in the intervening 20-plus years, Defendant had married, divorced, had two children of his own, and that Defendant was a flight attendant who lived near Houston, Texas.  He told Plaintiff he lived in a home with several other flight attendants, and that his children lived with their mother.

10.      Plaintiff's and Defendant's relationship rekindled over the phone and internet between Houston and Mexico, and Plaintiff was swept off her feet.  On or about August 24, 2014, Defendant flew to Mexico, confessed that Plaintiff was the love of his life and had always been

so, said he did not want to lose her again as he had twenty-plus years earlier, said he wanted to adopt her children and be their father, gave her an engagement ring, and proposed. Plaintiff accepted. Defendant's parents would visit Plaintiff's home in Mexico to follow traditional custom and ask for their daughter's hand in marriage. Plaintiff believed she was in the midst of a fairy tale.

11.     During Defendant's trip to Mexico which began about August 24, 2014, and after they were engaged, Defendant asked for Plaintiff to deposit $150,000 into his bank account. Defendant knew that Plaintiff had received the money following and in connection with her late husband's death, and knew how much money she had in her bank account. Defendant represented the money would be used to financially qualify for a home loan to buy a home for the two of them to live in with all their children once they were married. Defendant represented that Plaintiff could not and should not formally be a part of the home loan or purchase paperwork because she was a Mexican citizen, and that since they were to be married everything purchased with her funds would be hers anyway. These were lies. Defendant had no intent to buy a house with Plaintiff or to qualify for a loan to buy a house for their families to live in, there was no reason Plaintiff could not be a part of the loan or purchase (other than it would ostensibly make it more difficult to steal her money), and these misrepresentations were knowingly false and were made maliciously and with the intent that Plaintiff rely on them, which she did. With Defendant's knowledge, Plaintiff deposited the money from her bank account in Mexico to Defendant's account in Houston via wire transfer on September 4, 2014.

12.     Shortly before and leading up to October 17, 2014, Defendant requested that Plaintiff deposit another $58,013 into his bank account. Defendant represented the funds would be used to purchase a large van big enough to transport their new family of six, and (in response

3

to Plaintiff's request for the van to be titled in her name) again represented that the van would be hers although titled initially in his name because they were to be married.  This was a lie and not true, Defendant knew it was a lie and not true, and Defendant told the lie maliciously to induce Plaintiff to give him money, which she did.  Defendant bought a van for himself, but did not use the funds to purchase such a van for both their families, and never had the intent to do so.  Plaintiff relied upon Defendant's misrepresentations, and deposited $58,013 from her bank account in Mexico into Defendant's bank account in Houston via wire transfer on October 17, 2014.

13.     On October 24, 2014 through October 26, 2014, Defendant again visited Plaintiff in Mexico.  He represented that he needed an additional deposit of $35,947.04 to purchase Plaintiff's family and his family a home in The Woodlands, which is where Plaintiff and he wanted to buy, and which is more expensive than surrounding areas.  Defendant's representations that the money would be used to purchase a home for his family and Plaintiff's family in The Woodlands were knowingly false, and were made maliciously and with the intent that Plaintiff rely on them, which she did.  With Defendant's knowledge, Plaintiff deposited $35,947.04 from her bank account in Mexico into Defendant's bank account in Houston via wire transfer on November 6, 2014.

14.     On November 22, 2014, Plaintiff traveled to Texas so that her children could visit their new city (The Woodlands), meet Defendant's children, and work towards finalizing the home purchase for their two families.  However, with Plaintiff's money in hand and with no further need of the Plaintiff, on November 29, 2014 Defendant broke off his engagement with Plaintiff, but stated he wanted to continue seeing Plaintiff.  Plaintiff and her children returned to Mexico on November 30, 2014.

15.     On December 18, 2014, Defendant visited Mexico.  Plaintiff demanded the return

4

of her money since the engagement had been terminated and since they would not be getting married or living together.  On December 19, 2014, Defendant crashed Plaintiff's car into a pole while leaving a school event for Plaintiff's children, damaging the rear bumper.  He promised to pay for the damage, but never did.  Defendant also did not return Plaintiff's money.

16.     On or about January 10, 2015, Plaintiff again demanded that Defendant return her money.  He refused.

17.     On February 3, 2015, Plaintiff again demanded that Defendant return her money.  He did not answer, and that same day he "blocked" her from Facebook, and they have not spoken since.

## COUNT 1 - FRAUD

18.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding and following paragraphs as if set out in full here.

19.     Defendant made material false misrepresentations to Plaintiff regarding the purposes for which Plaintiff's money was earmarked and presently intended to be used, regarding his present intent to buy a home and van for both their families, and regarding his present intent to marry Plaintiff and adopt her children.  When Defendant made the misrepresentations, he knew they were false, or he made them recklessly without knowledge of their truth.  Defendant's misrepresentations were made maliciously.  Defendants made such misrepresentations with the intent that Plaintiff would rely upon those representations.   Plaintiff justifiably relied on Defendant's representations and were induced to deposit money into Defendant's bank accounts in Houston via wire transfer, which Defendant has refused to return, and which has resulted in injury to Plaintiff.

20.     Because Defendant acted with malice, Plaintiff is entitled to punitive damages

under Tex. Civ. Prac. & Rem. Code § 41.003.

## COUNT 2 – MONEY HAD AND RECEIVED

21.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding and following paragraphs as if set out in full here.

22.     The Defendant holds money in the approximate amount of $243,960.04 which in equity and good conscience belongs to the Plaintiff.

23.     Because Defendant committed fraud and acted with malice, Plaintiff is entitled to punitive damages from Defendant. *See Orgain v. Butler*, 478 S.W.2d 610, 613 (Tex. App.— Austin 1972, no writ).

## COUNT 3 – THEFT LIABILITY ACT

24.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding and following paragraphs as if set out in full here.

25.     Plaintiff had a possessory right to her $243,960.04.

26.     Defendant unlawfully appropriated, secured, and/or stole the money without Plaintiff's willful consent.

27.     Defendant's unlawful taking was made with the intent to deprive Plaintiff of her money.

28.     As the consequence of the foregoing, Plaintiff has suffered and will suffer damages in an amount within the jurisdiction limits of this Court.

29.     Plaintiff also seeks recovery of her reasonable and necessary attorneys fees and court costs.  Tex. Civ. Prac. & Rem. Code § 134.005(b).

## COUNT 4 – CONVERSION

30.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding

and following paragraphs as if set out in full here.

31.     As set forth above, Defendant has absconded with Plaintiff's money, money to which Plaintiff is entitled to immediate possession on the grounds that the money was provided under false pretenses and on the basis of misrepresentations.

32.     Plaintiff has a superior right to the money or goods/real estate/etc. purchased with the funds, and has demanded that it be returned, which Defendant has refused.  Defendant's action amounts to a wrongful exercise of dominion and control over Plaintiff's money to the exclusion of or in a manner that is inconsistent with the rights of Plaintiff.

33.     Plaintiff seeks a return of her money and/or a return of any things of pecuniary value purchased with the money and/or a constructive trust over such items.  Because Defendant acted with malice, Plaintiff is entitled to punitive damages under Tex. Civ. Prac. & Rem. Code § 41.003.

## COUNT 5 – PROMISSORY ESTOPPEL

34.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding and following paragraphs as if set out in full here.

35.     As outlined above, Defendant made promises to Plaintiff, it was foreseeable that Plaintiff would rely on the promises, and Plaintiff did rely reasonably and substantially rely on the promises to their detriment.  Injustice can only be avoided by enforcing the defendant's promise, which necessitates the return of Plaintiff's money and/or items purchased with said money, as Defendant promised that Plaintiff's money would only be used to buy a home and van for her and her family to own and live in as a married family.

## COUNT 6 – BREACH OF CONTRACT

36.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding

and following paragraphs as if set out in full here.

37.     In the alternative, Plaintiff and Defendant were parties to a valid, binding, agreement for the provision of $243,960.04 to be used to buy a home and van for their mutual families to jointly own and live in as a married family.  Plaintiff performed her obligations. Defendant breached his obligations by spending the money on other things.  Defendant's breaches directly and proximately caused Plaintiff substantial damages in the amount of $243,960.04.

38.     Plaintiff is entitled to her attorneys fees pursuant to Tex. Civ. Prac. & Remedies Code Chapter 38.

## COUNT 7 – UNJUST ENRICHMENT

39.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding and following paragraphs as if set out in full here .

40.     Defendant has obtained a benefit from Plaintiff by fraud, duress, and the taking of an undue advantage, and Plaintiffs have been damaged as a result.

41.     This case involves an actual controversy within the jurisdiction of this Court between interested parties Plaintiff and Defendant.

42.     Pursuant to 28 USCA § 2201, Plaintiff seeks a declaration that Defendant obtained money from Plaintiff under false pretenses or as a result of misconduct, that Plaintiff has a superior right to the $243,960.04 transferred from Plaintiff to Defendant under false pretenses or as result of misconduct, and/or that Plaintiff has a superior right to any goods, real estate, or other items purchased with her funds as addressed above.

43.     Pursuant to 28 USCA § 2202, Plaintiff seeks further necessary or proper relief based on this Court's declaratory judgment or decree, including attorneys fees.

## CONDITIONS PRECEDENT

8

44.     All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## **JURY DEMAND**

45.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

46.     WHERFORE, Plaintiff respectfully requests that Defendant be cited to appear, and that Plaintiff take judgment against Defendant on its causes of action, and that judgment be entered against Defendant ordering Defendant to pay Plaintiff its actual and consequential damages, costs, expenses, attorneys fees and other fees, prejudgment and post judgment interest, exemplary and punitive damages, that a constructive trust be placed over any real estate, goods, fixtures, or other items purchased with funds from the Plaintiff, for a declaratory judgment as outlined herein, and that Plaintiff be awarded all other damages and relief to which it is entitled.


Respectfully submitted,
MORROW & SHEPPARD LLP

By: */s/ John D. Sheppard*
    John D. Sheppard
    Fed Bar No. 635193
    State Bar No. 24051331
    *jsheppard@morrowsheppard.com*
    Nicholas A. Morrow
    Fed Bar No. 611443
    State Bar No. 24051088
    *nmorrow@morrowsheppard.com*
    3701 Kirby Drive, Suite 840
    Houston, Texas 77098
    Tel:  713-489-1206
    Fax:  713-893-8370
    **COUNSEL FOR PLAINTIFFS**